440

JOHN G. BULLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 40692.    Promulgated December 28, 1932.

*A. Calder Mackay, Esq.,* and *Thomas R. Dempsey, Esq.,* for the petitioner.

*J. M. Leinenkugel, Esq.,* for the respondent.

OPINION.

SMITH: The petitioner claims the deduction of the cost of moving the house from Wilshire Boulevard and Vermont Avenue to Plymouth Boulevard, amounting to $16,854, in the year 1924 as an ordinary and necessary business expense of that year. The respondent has determined that the cost of moving the house is a capital expenditure and is therefore not deductible in computing the petitioner's net income for 1924, but must be added to the cost of the property for the purpose of determining the gain or loss upon its subsequent sale or other disposition.

Section 214 (a) (1) of the Revenue Act of 1924 authorizes the deduction from gross income of all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 215 (a) (2) of the act provides that in computing net income no deduction shall be allowed in respect of any amount paid out for new buildings or for permanent improvements or betterments made to increase the value of any property or estate.

The facts here clearly show that the cost of moving the dwelling from Wilshire Boulevard and Vermont Avenue to Plymouth Boulevard falls within that class of expenditures referred to in section 215, that is, that it was an amount paid out for permanent improvements or betterments made to increase the value of the petitioner's property, as distinguished from an ordinary and necessary business expense. The petitioner testified that he moved the house with the idea of renting or selling it in its new location and also for the purpose of rendering the lot on Wilshire Boulevard and Vermont Avenue more available for business purposes.

The cases cited by the petitioner, involving for the most part expenditures incurred in moving machinery from one location to another, are not in point. There is an obvious distinction between moving machinery and tools from one factory or place of business to another and moving a 15 or 16-room dwelling house from a business section to a residential section.

We think that the respondent has properly classified the expenditure in question as a capital expenditure, although from the record we are unable to determine whether the amount should be added in whole or in part to the cost of the lot at Wilshire Boulevard and

Vermont Avenue or to the property on Plymouth Boulevard now occupied by the petitioner as his permanent residence. The record indicates that the value of both of these properties was increased. However, this question is not before us in this proceeding and need not be decided.

*Judgment will be entered for the respondent.*